**WYNN**

v.

**OHIO DEPARTMENT OF JOB AND FAMILY SERVICES et al.**

2002-Ohio-6250.]

Court of Claims of Ohio.

No. 2002–03856.

Decided Oct. 30, 2002.

Christopher J. Wynn, pro se.

Betty D. Montgomery, Attorney General, and Matthew J. Lampke, Assistant Attorney General, for defendants.

———

ANDERSON M. RENICK, Magistrate.

{¶ 1} This case came before a magistrate of the court for an evidentiary hearing to determine whether Randall Snyder is entitled to personal immunity pursuant to R.C. 2743.02(F) and 9.86. Plaintiff Christopher J. Wynn alleges in his complaint that defendant, acting through Randall Snyder, engaged in willful, wanton, and tortious conduct regarding enforcement of plaintiff's child support payments. Upon review of the evidence, the court renders the following determination.

{¶ 2} R.C. 2743.02(F) reads: "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. * * *"

{¶ 3} R.C. 9.86 states: "* * * [N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner. * * *"

{¶ 4}  The sole testimony presented at the hearing was that of Randall Snyder, who works as an enforcement officer for the Franklin County Child Support Enforcement Agency.  Although plaintiff contends that Snyder acted on defendant's behalf, Snyder testified that he has never been employed by defendant and that his salary is paid entirely by Franklin County.

{¶ 5}  Upon review of the testimony, the court finds that Randall Snyder is not a state employee.  Therefore, it is recommended that the court issue an entry finding that Randall Snyder is not entitled to civil immunity pursuant to R.C. 2743.02(F) and that the courts of common pleas have jurisdiction over any claim asserted by plaintiff against Snyder arising out of Snyder's conduct regarding plaintiff's child support payments.

Recommendation accordingly.